15-2045(L)
United States v. Rivera

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                        15-2045
                                                    15-4068*

PEDRO RIVERA, PEDRO GIL RIVERA ORTIZ
        Defendants-Appellants.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Robert J. Boyle, Law Office of
                           Robert J. Boyle, New York, NY,
                           for Defendant-Appellant Pedro
                           Rivera.

---

\* The Clerk of Court is respectfully directed to amend the caption.

Robert J. Sullivan, Jr., Law Offices of Robert Sullivan, Westport, CT, for Defendant-Appellant Pedro Gil Rivera Ortiz.

**FOR APPELLEES:**   Alina P. Reynolds, Marc H. Silverman, for Deirdre M. Daly, United States Attorney for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Pedro Rivera appeals from the judgment of the United States District Court for the District of Connecticut (Bryant, J.), sentencing him principally to 116 months of imprisonment.[1]  Rivera pleaded guilty to conspiracy to possess with intent to distribute 500 or more grams of cocaine.  He does not challenge his conviction, but argues that his sentence was procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**  Rivera claims that the district court committed procedural error by applying Section 2D1.1(b)(1) of the U.S. Sentencing Guidelines, which states that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels."

---

[1]  Separately, the district court sentenced Defendant-Appellant Pedro Gil Rivera Ortiz to 87 months of imprisonment after Ortiz pleaded guilty to conspiracy to possess with intent to distribute 500 or more grams of cocaine.  Ortiz's lawyer filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967), and the government moved for summary affirmance.  We grant both motions in a separate, simultaneously issued order.

A mistake in a Guidelines calculation is procedural error. United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). "We review the district court's interpretation and application of the Sentencing Guidelines de novo, and its findings of related fact for clear error." United States v. Smith, 215 F.3d 237, 239 (2d Cir. 2000) (per curiam). "A finding is clearly erroneous when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Cuevas, 496 F.3d 256, 267 (2d Cir. 2007) (quoting United States v. Hazut, 140 F.3d 187, 190 (2d Cir. 1998)).

"[O]nce the government has established that a weapon's presence was reasonably foreseeable to the defendant during conduct (i.e., the storage and cutting of drugs) relevant to the offense (i.e., distribution of drugs) at issue, the [§ 2D1.1(b)(1)] enhancement will apply . . . unless the defendant demonstrates that it is clearly improbable that the weapon was connected with the drug offense." Smith, 215 F.3d at 241 (citation omitted); see U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.11(A) (U.S. Sentencing Comm'n 2016) ("The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.").

When police arrived at Rivera's apartment to arrest him, they found an unloaded shotgun next to an open and empty safe in Rivera's closet. Drug paraphernalia were also found in the apartment, including multiple cell phones and an electronic scale. Rivera was not there, apparently having fled after receiving a phone call informing him that his parents (co-conspirators in the drug conspiracy) had just been arrested. Rivera's girlfriend was present and she called Rivera, who then returned to the apartment and was arrested.

The district court found that Rivera stored drugs in his apartment, based on the presence of the empty safe and drug paraphernalia, the amount of drugs Rivera handled, and the paucity of evidence that he stored the drugs elsewhere. In light of that finding, the shotgun's proximity to the open safe, and the fact that Rivera had not demonstrated that he was a hunter, the district court found that Rivera used the shotgun to further his drug trafficking activities. Because we cannot say that we are "left with the definite and firm conviction" that the district court's findings were

3

erroneous, they survive clear error review.  See Cuevas, 496 F.3d at 267.  Given the supported finding that Rivera used the shotgun to further his drug trafficking enterprise, Rivera has obviously failed to "demonstrate[] that it is clearly improbable that the weapon was connected with the drug offense."  Smith, 215 F.3d at 241.  Therefore, the sentencing enhancement was appropriately applied.

Rivera contended that he owned the shotgun for reasons unrelated to his drug trafficking.  At a minimum, however, the finding that Rivera used the gun to further his drug trafficking was a permissible view of the evidence.  "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  United States v. Chalarca, 95 F.3d 239, 244 (2d Cir. 1996) (quotation marks omitted).  Consequently, we affirm the district court's application of the two-level sentencing enhancement pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines.

**2.**   Rivera argues that his sentence is substantively unreasonable, mainly because the district court improperly focused on the seriousness of Rivera's crimes rather than the other sentencing factors set out in 18 U.S.C. § 3553(a).  "[W]e do not consider what weight we ourselves would have given a particular factor.  Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned to it under the totality of the circumstances in the case."  Cavera, 550 F.3d at 191 (citation omitted).  The district court in this case thoroughly considered the mitigating factors advanced by Rivera, as well as aggravating factors, and ultimately sentenced Rivera to 116 months (five months below the bottom of the guidelines range).  We see no error.

More generally, "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  Id. at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).  Rivera served as a leader of a conspiracy that trafficked large amounts of cocaine, and he possessed a weapon during that conspiracy.  The district court's sentence is not outside the range of permissible decisions.  We decline to disturb the sentence on substantive reasonableness grounds.

4

For the foregoing reasons, and finding no merit in Rivera's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK